IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN M. WYATT,

Defendant. No. 02-CR-30060-DRH

ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Wyatt's notice and motion and modification of sentence, based upon new law, appellate decision of July 28, 2009 (Doc. 72). Wyatt contends that the Seventh Circuit Court of Appeal's decision in ***Wyatt v. USA*, — F.3d —, 2009 WL 2224949 (July 28, 2009)(affirming this Court's Order denying and dismissing with prejudice Wyatt's habeas corpus petition pursuant to 28 U.S.C. § 2255)** entitles him to be re-sentenced and renders the twelve-year enhancement he received as a career offender unsustainable. Specifically, Wyatt contends that the law has changed since he was sentenced as a career offender based partly on his prior walkaway escape from a halfway house and, thus, his sentence should be reduced.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment

motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Wyatt does not cite any case law or statute that would allow the Court to consider his motion. **Rule 35** is inapplicable because this motion is brought almost 5 years *after* the sentencing (August 30, 2004) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Wyatt could bring this motion is a **§ 2255** collateral attack. Which Wyatt did file on April 26, 2006; which this Court denied and dismissed with prejudice on February 27, 2008 and which the Seventh Circuit Court of Appeals affirmed on July 28, 2009. ***See Wyatt v. USA*, 06-0322-DRH (Docs. 1, 24 & 25);** ***Wyatt v. USA,* — F.3d —, 2009 WL 2224949 (July 28, 2009 7th Cir. 2009)**. Moreover, a post-judgment motion, such as this motion, that advances a new theory of relief after a § 2255 petition has

been resolved constitutes a successive petition subject to the certification requirement of § 2255. ***Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)**; ***Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997)**. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to **28 U.S.C. § 2255, ¶ 8**. ***Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)**. There is no such certification in this case.

Accordingly, the Court dismisses for want of jurisdiction Wyatt's notice and motion and modification of sentence based upon new law, appellate decision of July 28, 2009 (Doc. 72).

**IT IS SO ORDERED.**

Signed this 19th day of August, 2009.

/s/     *DavidRHerndon*

**Chief Judge**
**United States District Court**