IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN M. WYATT,

Defendant.                                                         No. 02-CR-30060-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is a letter dated August 26, 2010, from Defendant Wyatt which the Court construes as a motion for release of Brady materials filed on August 31, 2010 (Doc. 74). Wyatt contends that based on the Supreme Court's ruling in ***Chamber v. United States*, 129 S.Ct. 687 (2009)** and Seventh Circuit Court of Appeal's decisions in ***United States v. Templeton*, 543 F.3d 378 (7th Cir. 2008);** ***United States v. Hart*, 578 F.3d 674 (7th Cir. 2009)**and ***Welch v. United States,* 604 F.3d 408 (7th Cir. 2010)**, it is clear that his sentence as a career criminal is illegal as he is actually innocent of the escape elements of the U.S. Sentencing Guidelines section 4B1.1. Specifically, Wyatt contends that the law has changed since he was sentenced as a career offender based partly on his prior walkaway escape from a halfway house and, thus, he is entitled to ***Brady*** materials showing that he is guilty of the career-offender offense in light of these cases.

Once a district court enters final judgment it lacks jurisdiction to

continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed.  Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict.  Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Wyatt does not cite any case law or statute that would allow the Court to consider his motion.  **Rule 35** is inapplicable because this motion is brought 6 years *after* the sentencing (August 30, 2004) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce.   Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Wyatt could bring this motion is a **§ 2255** collateral attack.  Which Wyatt did file on April 26, 2006; which this Court denied and dismissed with prejudice on February 27, 2008 and which the Seventh Circuit Court of Appeals affirmed on July 28, 2009.  ***See Wyatt v. USA*, 06-0322-DRH (Docs. 1, 24 & 25);  *Wyatt v. USA*, 574 F.3d 455**

**(7th Cir. 2009),** *cert. denied,* **130 S.Ct. 1925 (March 22, 2010),** *and rehearing denied,* **130 S.Ct. 2431 (May 3, 2010)**. Moreover, a post-judgment motion, such as this motion, that advances a new theory of relief after a § 2255 petition has been resolved constitutes a successive petition subject to the certification requirement of § 2255. ***Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999);** ***Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997)**. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to **28 U.S.C. § 2255, ¶ 8**. ***Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)**. There is no such certification in this case.

Accordingly, the Court dismisses for want of jurisdiction Wyatt's motion for release of Brady materials filed on August 31, 2010 (Doc. 74).

**IT IS SO ORDERED.**

Signed this 8th day of September, 2010.

/s/    *DavidRHerndon*

**Chief Judge**
**United States District Court**