IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JOHN M. WYATT,**

**Defendant.**                                                            **No. 02-CR-30060-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is Wyatt's pro se November 1, 2010 notice and motion for new jury trial based on new evidence, new case law, and post sentence Brady violation by the Office of the United States Attorney, -or- in the alternative, an evidentiary hearing on the motion, Federal Rules of Criminal Procedure, Rule 33(a) & (b) (Doc. 76). Wyatt requests that the Court vacate the judgment in this case and grant him a new trial based on the fact that he was designated as a "crime of violence, career-offender." On November 8, 2010, the Court directed the Government to file a response to Wyatt's motion on or before November 15, 2010 (Doc. 77). The Government filed its response on November 10, 2010 (Doc. 78). Based on the following, the Court dismissing Wyatt's motion for lack of jurisdiction.

Wyatt contends that based on the Supreme Court's ruling in ***Chamber v. United States*, 129 S.Ct. 687 (2009)** and Seventh Circuit Court of Appeal's decisions in ***United States v. Templeton*, 543 F.3d 378 (7th Cir. 2008);** ***United***

*States v. Hart*, **578 F.3d 674 (7th Cir. 2009)**and *Welch v. United States,* **604 F.3d 408 (7th Cir. 2010)**, it is clear that his sentence as a career criminal is illegal as he is actually innocent of the escape elements of the U.S. Sentencing Guidelines section 4B1.1. Specifically, Wyatt contends that the law has changed since he was sentenced as a career offender based partly on his prior walkaway escape from a halfway house and, thus, he is entitled to ***Brady*** materials showing that he is guilty of the career-offender offense in light of these cases. He claims that this new evidence is the new case law. The Government contends that the new case law is not new evidence in his case and that the Court lacks jurisdiction to consider Wyatt's motion The Court agrees with the Government.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if *timely* filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based on new evidence must be brought *within 3 years* after the verdict or finding of guilty and a **Rule 33** motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under **28 U.S.C. § 2255,** which has a 1 year statute of limitations.

Here, Wyatt's motion does not fall within any of these categories to allow

the Court to consider his motion.  **Rule 35** is inapplicable because this motion is brought over 6 years *after* the sentencing (August 30, 2004) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce.   Likewise, **Rule 33** does not apply because the motion is neither timely and nor brought on newly discovered evidence and it was not filed within 14 days of the verdict or finding of guilt to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Wyatt could bring this motion is a **§ 2255** collateral attack.  Which Wyatt did file on April 26, 2006; which this Court denied and dismissed with prejudice on February 27, 2008 and which the Seventh Circuit Court of Appeals affirmed on July 28, 2009.  ***See Wyatt v. USA*, 06-0322-DRH (Docs. 1, 24 & 25);** ***Wyatt v. USA*, 574 F.3d 455 (7th Cir. 2009),** *cert. denied***, 130 S.Ct. 1925 (March 22, 2010),** *and rehearing denied***, 130 S.Ct. 2431 (May 3, 2010)**.  Moreover, a post-judgment motion, such as this motion, that advances a new theory of relief after a § 2255 petition has been resolved constitutes a successive petition subject to the certification requirement of § 2255.  ***Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999);** ***Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997)**.  In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals *must* certify the successive petition pursuant to **28 U.S.C. § 2255, ¶ 8**.  ***Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)**.  There is no such certification in this case.

Accordingly, the Court dismisses for lack of jurisdiction Wyatt's motion for new jury trial based on new evidence, new case law, and post sentence Brady violation by the Office of the United States Attorney, -or- in the alternative, an evidentiary hearing on the motion Federal Rules of Criminal Procedure, Rule 33(2) & (b) (Doc. 76).

**IT IS SO ORDERED.**

Signed this 15th day of November, 2010.

David R. Herndon
2010.11.15
11:55:16 -06'00'

**Chief Judge
United States District Court**